The Court,
after consultation, was of opinion, that as the sheriff’s office was a public one, where all writs were lodged and entered before service, the first writ of attachment lodged there should have the first lien on the goods ; and that it was the duty of the sheriff to serve the writ first lodged on the garnishees in the first place, and others in rotation afterwards, agreeably to their seniority; otherwise it might be in the power of the sheriff to vary the right of the parties, and to give a preference to which of them he plea» sed, by serving one or the other first, as he thought proper,, The vigilant creditor, therefore, is to be preferred.
That the small difference of the time in lodging these writs, did not alter the principles by which they were to be governed. For in all cases where priority of action becomes essential to the right of the parties, the different days must be shewn, if the writs are lodged - on different days; but if two or more actions are commenced on the same day, then the exact time must be ascertained ; for although the law in general will not allow of fractions in days, yet it admits it where it is necessary to distinguish who has a priority ; as in. qui tarn actions, informations for usury, or the like, the very hour may be shewn. 3 Burr. 1434. If, then, the very hour may be shewn, there is no drawing the line but by priority ; the very minute may be shewn upon the same principle ; and that must govern and determine the right of the parties. Time is in its nature divisible from years down to days, hours and minutes : a minute, therefore, will give a priority as essentially in point of time as a year or a day» *10 The writ is considered as the commencement of the suit, 3 Burr. 1243. and the delivery to the sheriif as the time when it is commenced.* Callahan!s writ being, then,- the first delivered into the sheriff’s office, the court will therefore consider him as the first attaching creditor, and entitled to a preference, and that the return of the corporation ought to be made conformably.
A corporat-cannot make an oath, is to make returns to writs of attachment by the officer at such corpora-i his hand and the seal of the corporation.
Mr. Holmes, the intendant of the city, being then present in court, suggested a difficulty which occurred in making these returns, as the attachment law requires that a return upon oath must be made by garnishees in possession of goods belonging to an absent debtor, and that the goods in the present case were in possession of the corporation, which could not take an oath, and therefore prayed the direction of the court in making the returns to these writs. Where-upon the court was of opinion, that all returns to such writs, on tpe part Qf ^ie corporation, ought to be made by the'in-r 1 ° J tendant, who was at the head of that corporate body, under , r i • , , , his hand and the seal -or the corporation, as an oath could not be expected from a corporate body.
N. j}. Some of the members of the bar seemed to think the above determination respecting the priority of attachments was a point of great importance, and therefore wished it more fully argued, to which the court most readily assented ; but all the parties afterwards acquiesced in the decision, and it was never again brought forward.
Present, Bukke, Waties and Bay.

 This has often been determined in cases where the statute of limitations lias been pleaded.